NOT FOR PUBLICATION                                             (Doc. No. 7)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| 78TH INFANTRY DIVISION, WORLD WAR II LIVING HISTORY ASSOCIATION, | |
| Plaintiff, | Civil No. 11-165 (RBK/JS) |
| v. | **OPINION** |
| J. GARY OPRENDEK, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter arises out of the alleged unauthorized taking of a website domain and its contents. Presently before the Court is a motion to remand filed by Plaintiff 78th Infantry Division, World War II Living History Association (the "Association"). (Doc. No. 7). The Complaint alleges state-law claims for breach of the duty of loyalty, conversion, trespass to chattels, tortious interference, and unjust enrichment. In January 2011, Defendant J. Gary Oprendek filed a Notice of Removal, arguing that the Copyright Act preempts several of the Association's state-law claims and the Court should therefore exercise federal question jurisdiction under 28 U.S.C. § 1331. ("Notice of Removal"). Defendant argued that the Court should exercise supplemental jurisdiction over the Association's non-preempted state-law claims. The Association argues that because the Complaint does not assert any federal claims on its face, the Court should decline to exercise federal question jurisdiction over this matter. For the following reasons, the Association's motion to remand is **DENIED**.

1

**I.     BACKGROUND**

The Association is a non-profit organization that provides World War II re-enactments and educates the public about World War II. (Notice of Removal Ex. A at 2). Defendant previously performed the work of a webmaster and website committee member for the Association. (Id.). In 2000, a former member of the Association created a website for the Association. (Id. at 3). In June 2003, the Association's Commander purchased the domain name 78thinfantry.com and paid the annual domain name fee. (Id.). Approximately three years later, Defendant joined the Association and volunteered to be the webmaster. (Id.). Subsequently, Defendant recommended that the Commander transfer the domain name 78thinfantry.com to him, claiming that "the website needed more space" and that the website would be easier to maintain under his control. (Id.). The Commander agreed, and Defendant took control of the website domain and its contents. (Id.).

In May 2009, Defendant resigned from the Association. Prior to his resignation, Defendant agreed to transfer the website back to the Association. (Id.). However, the Association alleges that Defendant refused to relinquish control of the website in violation of the Association's bylaws, and then cancelled the domain name. As a result of Defendant's conduct, the 78thinfantry.com domain name was released to the public without the Association's consent. (Id.). Once the domain name became available for public purchase, Defendant purchased the domain name and utilized content from the Association's website to create a new World War II website for another organization (the 9th Division), which he formed with a group of former members of the Association. (Id. at 4). Defendant operated the 9th Division's website under the domain name 78thinfantry.com. (Id.). Thereafter, Defendant registered the website contents of 78thinfantry.com with the U.S. Copyright Office, effective July 1, 2009. (Answer and

Countercl. Ex. A at 2).  The registration application included text, software code, and graphical elements taken from the Association's website.  (Id.).

In November 2010, the Association filed the Complaint in the Superior Court of New Jersey.  (Notice of Removal Ex. A).  In January 2011, Defendant removed the matter to this Court pursuant to 28 U.S.C. § 1441.  Defendant asserted federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.  (Notice of Removal 2-3).  Defendant argued that the Association's conversion, trespass to chattels, and breach of the duty of loyalty claims were completely preempted by § 301(a) of the Copyright Act.  (Id. at 4).  Defendant also argued that the Court should exercise supplemental jurisdiction over the Association's tortious interference and unjust enrichment claims pursuant to 28 U.S.C. § 1367(a).  (Id. at 3).  In February 2011, Defendant filed the Answer.  (Answer and Countercl.).  The Answer asserts affirmative defenses and a counterclaim for copyright infringement.  (Id. at 5-13).

On February 9, 2011, the Association filed a motion to remand the matter to the Superior Court of New Jersey, Burlington County, pursuant to 28 U.S.C. § 1447.  The Association argues that the Court should remand the matter to state court because the Complaint alleges only state-law claims.  (Reply Br. 6-12).  Defendant claims that the Court should not remand the matter to state court because the Association's state-law claims implicate copyright law and are thus preempted by the Copyright Act.  (Id. at 4-6).  Moreover, Defendant argues that because the counterclaim asserts copyright infringement, granting the Association's motion to remand could create both potentially inconsistent results in state and federal courts and added litigation expenses.  (Id. at 7).  The parties submitted their respective briefs, and the motion is ripe for review.

**II.     DISCUSSION**

The Association argues that its state-law claims do not implicate copyright law. Specifically, the Association claims that the underlying matters involve "a taking of a website domain and its contents which do not belong to Defendant." (Reply Br. 8). The Association reasons that because the sole basis for federal jurisdiction is the Copyright Act, and the Association's state-law claims do not implicate copyright law, the Court should remand the matter to the Superior Court of New Jersey, Burlington County. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 8 (1983) (finding that in accordance with 28 U.S.C. § 1447(c), remand is appropriate where a case was not properly removed or is not within the original jurisdiction of the district court). Defendant argues that the Copyright Act preempts the Association's breach of the duty of loyalty, conversion, and trespass to chattels claims.

The Copyright Act's preemption provision, 17 U.S.C. § 301(a), states in pertinent part:

> All legal or equitable rights <u>that are equivalent to</u> any of the exclusive rights within the general scope of copyright as specified by section 106 [of the Copyright Act] in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title.

17 U.S.C. § 301(a) (emphasis added). "Congress intended that actions preempted by § 301(a) of the Copyright Act be regarded as arising under federal law" and "litigated only as federal copyright claims." Rosciszewski v. Arete Assoc., Inc., 1 F.3d 225, 232 (4th Cir. 1993). Thus, in the copyright context, "the pre-emptive force of federal law is so extraordinary that it <u>converts</u> an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Id. at 231 (internal quotation marks and citation omitted) (emphasis added); see Cnty. of Del. v. Gov't Sys., 230 F. Supp. 2d 592, 598 (3d Cir. 2002); Tech. Based

4

Solutions, Inc. v. Elecs. Coll., Inc., 168 F. Supp. 2d 375, 379 (E.D. Pa. 2001). "This so-called complete preemption occurs when an area of state law has been so completely pre-empted, that any claim purportedly based on the pre-empted state law is considered a federal claim." Id. (internal quotation marks and citation omitted); Collins v. Baxter Healthcare Corp., 949 F. Supp. 1143, 1147 (D.N.J. 1996) ("[T]he complete preemption exception to the well-pleaded complaint rule will permit removal on the basis of federal question jurisdiction where a statute's preemptive force is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.") (internal quotation marks and citation omitted).

In order to determine whether the Copyright Act preempts a state law claim, the court must analyze: (1) "whether the work is the appropriate subject matter of a copyright"; and (2) "whether the state law creates rights equivalent to the exclusive rights protected by the Copyright Act." MCS Servs. v. Johnsen, No. 01-4430, 2002 U.S. Dist. LEXIS 16910, at *16 (E.D. Pa. Aug. 13, 2002) (citing Harper & Row, Publishers, Inc. v. Nation Enters., 723 F.2d 195, 200 (2d Cir. 1983), rev'd on other grounds, 471 U.S. 539 (1985)); see Facenda v. N.F.L. Films, Inc., 542 F.3d 1007, 1026 (3d Cir. 2008); Cognetx, Inc. v. Haughton, No. 10-2293, 2010 U.S. Dist. LEXIS 88183, at *13 (E.D. Pa. Aug. 26, 2010); Giordano v. Claudio, 714 F. Supp. 2d 508, 531 (E.D. Pa. 2010). A website's contents, including its text, software code, and graphical elements, "clearly fall within the subject matter of copyright." Conference Archives, Inc. v. Sound Images, Inc., No. 06-76, 2010 U.S. Dist. LEXIS 46955, at *41 (W.D. Pa. Mar. 31, 2010) (citation omitted).

In order to determine whether the rights granted under a state cause of action are equivalent to the exclusive rights provided by Section 106, "the elements of the [state] cause[] of action should be compared" to the exclusive rights granted to the copyright owner in § 106 of the

Copyright Act.  <u>Trandes Corp. v. Guy F. Atkinson Co.</u>, 996 F.2d 655, 659 (4th Cir. 1993), <u>cert. denied</u>, 510 U.S. 965 (1993).  When the state-law rights "may be abridged by an act which, in and of itself, would infringe one of the exclusive rights" granted in § 106, the state cause of action is preempted by the Copyright Act.  <u>Computer Assocs. Int'l v. Altai</u>, 982 F.2d 693, 716 (2d Cir. 1992) (quoting <u>Harper & Row, Publishers, Inc.</u>, 723 F.2d at 200).  However, "[i]f a state law cause of action requires an 'extra element,' in addition to or instead of an act of reproduction, performance, distribution or display that would be prohibited under the Copyright Act, there is no preemption of the state cause of action, provided that 'extra element' changes the nature of the action so that it is <u>qualitatively</u> different from a copyright infringement claim."  <u>Giordano</u>, 714 F. Supp. 2d at 531 (citing <u>Cnty. of Del.</u>, 230 F. Supp. 2d at 598) (internal quotation marks omitted) (emphasis added).

In <u>Rosciszewski</u>, the plaintiff provided technical and computer research services to the United States Department of Defense.  <u>Rosciszewski</u>, 1 F.3d at 227-28.  The plaintiff's assignee developed a computer program used to analyze military systems.  <u>Id.</u>  When the defendant purportedly copied this computer program without authorization, the plaintiff brought an action in state court, alleging violations of the Virginia Computer Crimes Act, the Virginia Uniform Trade Secrets Act, and conversion.  <u>Id.</u>  Notably, the Virginia Computer Crimes Act prohibited a person from: "(1) . . . us[ing] a computer or computer network; (2) without authority; and (3) with the intent to obtain property or services by false pretenses; embezzle or commit larceny; or convert the property of another."  <u>Id.</u> at 230 (quoting Va. Code Ann. § 18.2-152.3) (internal quotation marks omitted).  The defendants removed the action to federal court and moved to dismiss the complaint.  The district court granted the defendants' motion to dismiss as to all counts except the plaintiff's conversion claim, which it remanded.  <u>Id.</u> at 228.  The plaintiff

appealed. Id.

On appeal, the Fourth Circuit found that the state cause of action was not qualitatively different from a copyright infringement claim because "the protection of computer programs from unauthorized copying granted under [state law] is equivalent to the exclusive right of the copyright owner to reproduce . . . under the Copyright Act." Id. at 234 (emphasis added). First, the Court of Appeals determined that the unauthorized use of a computer is not qualitatively different from a copyright infringement claim because using a computer without authorization is a necessary condition to the copying. Id. at 230 (citations omitted). Second, the Court of Appeals determined that the intent requirement in the Virginia Computer Crimes Act did not add an element qualitatively changing the claim from one of unauthorized copying in a copyright infringement claim. Id. "[A]n action will not be saved from preemption by elements such as awareness or intent, which alter the action's scope but not its nature." Id. (quoting Computer Assocs. Int'l v. Altai, 982 F.2d 693, 717 (2d Cir. 1992)); see also Tegg Corp. v. Beckstrom Elec. Co., 650 F. Supp. 2d 413, 427 (W.D. Pa. 2008) ("Generally, the element of intent in any cause of action will not establish qualitatively different conduct if it merely goes to the scope of the right.") (internal quotation marks and citation omitted). Because the rights granted under the Virginia Computer Crimes Act were equivalent to the rights granted under the Copyright Act, the Fourth Circuit held that the Copyright Act preempted the plaintiff's claim.[1] Rosciszewski, 1 F.3d at 234.

---

[1] The Third Circuit has applied the Fourth Circuit's methodology in addressing whether plaintiffs' state-law claims are preempted under the Copyright Act. See, e.g., Cnty. of Del., 230 F. Supp. 2d at 601 (citing Rosciszewski and finding no preemption under the Copyright Act). Likewise, district courts in this circuit have adopted the Fourth Circuit's methodology. See, e.g., Giordano, 714 F. Supp. 2d at 531 (citing Rosciszewski and finding preemption under the Copyright Act); Tech. Based Solutions, Inc., 168 F. Supp. 2d at 380 (same); Gateway 2000, Inc., 942 F. Supp. at 995 (citing Rosciszewski and finding no preemption under the Copyright Act); see also Eisenman v. Cont'l Airlines, Inc., 974 F. Supp. 425, 435-36 (D.N.J. 1997) (citing Rosciszewski and applying its analysis to preemption in the context of tax refund cases).

7

**A. Whether the Copyright Act Preempts the Association's Conversion and Trespass to Chattels Claims**

As previously mentioned, "[s]tate laws, whether statutory or common law, are subject to express preemption . . . only if they create rights that are 'equivalent' to the exclusive rights within the general scope of copyright." Orson, Inc. v. Miramax Film Corp., 189 F.3d 377, 382 (3d Cir. 1999). Section 106 of the Copyright Act articulates the rights of copyright owners under federal law. Specifically, § 106 "affords a copyright owner the exclusive right to: (1) reproduce the copyrighted work; (2) prepare derivative works; (3) distribute copies of the work by sale or otherwise; and, with respect to certain artistic works, (4) perform the work publicly; and (5) display the work publicly." 17 U.S.C. § 106; Rosciszewski, 1 F.3d at 229 (internal quotation marks and citation omitted). The Association argues that the matter should be remanded because the taking of a website's domain and its contents does not implicate copyright law. Defendant argues that the Association's conversion and trespass to chattels claims are preempted by the Copyright Act, thus making removal proper. For the following reasons, the Court finds that the Copyright Act preempts the Association's conversion and trespass to chattels claims.

**1. Conversion[2]**

"Conversion is an intentional tort in that the defendant must have intended to exercise a dominion or control over the goods which is in fact inconsistent with the plaintiff's rights." LaPlace v. Briere, 962 A.2d 1139, 1145 (N.J. Super. Ct. App. Div. 2009) (internal quotation marks and citation omitted). Notably, "[c]onversion does not require that [the] defendant have an intent to harm the rightful owner . . . ." Chi. Title Ins. Co., 978 A.2d at 288. Conversion has historically applied to chattels, but "as long as the plaintiff has an actual interest in the security and it is capable of misuse in a way that would deprive the plaintiff of its benefit," conversion

---

[2] New Jersey law applies because both the Association and Defendant are citizens of New Jersey. (Notice of Removal Ex. A at 2).

8

may apply.  Cargill Global Trading v. Applied Dev. Co., 706 F. Supp. 2d 563, 578 (D.N.J. 2010) (citations omitted).

Here, the rights granted under the Association's conversion claim are equivalent to the rights granted under § 106 of the Copyright Act.  The core of both claims, in the context of the Association's claim, is the unauthorized taking of a website domain and its contents.  The first element of a conversion claim is that the defendant "wrongful[ly] exercise[s] dominion or control over [the] property of another."  Aequus Techs., L.L.C. v. gh, L.L.C., No. 03-5139, 2011 U.S. Dist. LEXIS 32838, at *22 (D.N.J. Mar. 29, 2011) (citing Chi. Title Ins. Co. v. Ellis, 978 A.2d 281, 288 (N.J. Super. App. Div. 2009), cert. denied, 983 A.2d 1113 (N.J. 2009)).  The first element of a conversion claim does not qualitatively change the nature of the claim from that of a copyright infringement claim because, in the context of a copyright claim, "wrongful[y] exercis[ing] dominion or control over [the] property of another" is "a necessary condition to [the] copying."  Rosciszewski, 1 F.2d at 230 (quoting 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.01[B], at 1-14 n.62 (1992)).  The second element of conversion requires that the property be taken "without authorization."  Aequus Techs., L.L.C., 2011 U.S. Dist. LEXIS 32838, at *22 (citation omitted).  That element is conceptually indistinguishable from an unauthorized taking in the copyright context because it necessarily involves taking another's property without authorization.  The third element of conversion requires that the property be taken "to the exclusion of the owner's rights in that property."  Id. (citation omitted).  In order to take property without authorization, one must necessarily exclude the rightful owner of his exclusive right to that property.  Thus, the rights granted by the tort of conversion in New Jersey are equivalent to the exclusive rights protected by the Copyright Act.  Therefore, the Association's conversion claim is preempted by § 106 of the Copyright Act.

### 2. Trespass to Chattels

The tort of trespass to chattels has been recognized by the New Jersey Supreme Court as "a lesser interference than a conversion . . . ." Knox v. Samsung Elec. Am., Inc., No. 08-4308, 2009 U.S. Dist. LEXIS 53685, at *22 (D.N.J. June 25, 2009) (citing Mueller v. Technical Devices Corp., 84 A.2d 620, 623 (N.J. 1952)). Thus, the substantive elements of conversion and trespass to chattels are similar. The important distinction between the two torts "lies in the measure of damages." Restatement (Second) of Torts § 222 cmt. c (1965).

Because the Court finds that the Copyright Act preempts the Association's conversion claim, and trespass to chattels contains the same substantive elements as conversion, the Copyright Act also preempts the Association's trespass to chattels claim.[3]

### B. Supplemental Jurisdiction Over the Association's Other State-Law Claims

Having determined that the Copyright Act preempts the Association's conversion and trespass to chattels claims, the Court must decide whether to exercise supplemental jurisdiction over the Association's remaining state-law claims.

Pursuant to 28 U.S.C. § 1367(a), when a court has federal question jurisdiction over a lawsuit, the court may also exercise supplemental jurisdiction "over all other claims that are so

---

[3] Defendant also contends that the Association's breach of the duty of loyalty claim implicates federal law and is thus preempted by the Copyright Act. The elements necessary to show a breach of the duty of loyalty are: (1) that the defendant "violate his duty of loyalty to plaintiff"; and (2) through misconduct. Auxton Computer Enters. v. Parker, 416 A.2d 952, 954 (N.J. Super. Ct. App. Div. 1980). Typically, this cause of action is brought by employees against their employers. See, e.g., Cameco, Inc. v. Gedicke, 724 A.2d 783, 788-91 (N.J. 1999), Lamorte Burns & Co. v. Walters, 770 A.2d 1158, 1169-70 (N.J. 2001). Moreover, "[t]he scope of the duty of loyalty that an employee owes to an employer may vary with the nature of their relationship. Employees occupying a position of trust . . . owe a higher duty than those performing low-level tasks." Cameco, Inc., 770 A.2d at 789. The Complaint alleges that Defendant "utiliz[ed] the content of the website for his personal benefit" and used the "content to create [a] website for a new unit that he formed . . . ." (Notice of Removal Ex. A at 3). The rights granted under the Association's state-law claim of breach of the duty of loyalty are not equivalent to any of the exclusive rights granted by copyright law. The duty of loyalty is not a prerequisite to a copyright infringement action. The requirement of one owing a duty of loyalty to another makes the claim qualitatively different from one of copyright infringement. Because there is an "extra element" present in addition to the unauthorized taking of the website domain and its contents, there is no preemption. That said, the Court chooses here to exercise supplemental jurisdiction over the Association's breach of the duty of loyalty claim.

related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).  Before supplemental jurisdiction is appropriate, however, three requirements must be satisfied:  (1) "[t]he federal claim must have substance sufficient to confer subject-matter jurisdiction on the court"; (2) "the state and federal claims must derive from a common nucleus of operative facts"; and (3) "the claims must be such that they would ordinarily be expected to be tried in one judicial proceeding."  MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1102 (3d Cir. 1995), cert. denied, 519 U.S. 815 (1996) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966); Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir. 1995)) (internal quotation marks omitted).

Here, the Court has subject matter jurisdiction over the matter because the Copyright Act preempts the Association's conversion and trespass to chattels claims.  Moreover, the state and federal claims derive from the same nucleus of operative facts because all of the Association's claims involve "a taking of a website domain and its contents which do not belong to Defendant." (Reply Br. 8).  Finally, the Association's claims should be tried in one judicial proceeding.  As Defendant correctly notes, remanding the Complaint to state court "would entail two courts adjudicating related claims and the attendant problem of potentially inconsistent results and added litigation expense." (Id. at 7).  Thus, the Court may exercise supplemental jurisdiction over the remaining state-law claims of breach of the duty of loyalty, tortious interference, and unjust enrichment pursuant to § 1367(a).  See, e.g., Edgerton v. UPI Holdings, Inc., No. CCB-09-1825, 2010 U.S. Dist. LEXIS 66274, at *28-29 (D. Md. July 1, 2010) (exercising supplemental jurisdiction over state-law claims including tortious interference); Ahle v. Veracity Research Co., 641 F. Supp. 2d 857, 864 (D. Minn. 2009) (exercising supplemental jurisdiction over state-law claims including the breach of the duty of loyalty).

### C. Removal to Federal Court

Having concluded that § 301(a) of the Copyright Act preempts at least one of the Association's claims, the Court now considers whether removal on the basis of § 301(a) preemption was proper. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . where such action is pending." 28 U.S.C. § 1441(a). Actions are removable on the basis of federal question jurisdiction. "The district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, an action filed in state court that presents a question arising under federal law is removable to federal district court. 28 U.S.C. § 1441(b).

According to the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)). However, in limited circumstances, "the pre-emptive force of a [federal law] is so 'extraordinary' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Caterpillar, Inc., 482 U.S. at 393 (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)).

Having previously concluded that § 301(a) of the Copyright Act preempts the Association's conversion and trespass to chattels claims, and that 28 U.S.C. § 1367(a) provides a basis for the Court to exercise supplemental jurisdiction over the Association's other state-law claims, the Court finds that removal of this action to federal court is proper. Rosciszewski, 1 F.3d at 233.

**D. Counterclaim Asserting Copyright Infringement**

Because at least one of the Association's alleged state-law claims is preempted by § 301(a) of the Copyright Act, the Court need not address Defendant's argument that removal is proper based on the alleged copyright infringement in the counterclaim.

**III. CONCLUSION**

For the foregoing reasons, the Association's motion to remand is **DENIED**. An appropriate order shall issue today.


Date: <u>08/04/2011</u>                                                            /s/ Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                     United States District Judge